## CASEY *v.* SCHUCHARDT.

The ruling in *Casey* v. *Cavaroc* (*supra*, p. 467) applied to this case.

APPEAL from the Circuit Court of the United States for the District of Louisiana.

This case arises upon a bill filed by Casey, receiver of the New Orleans National Banking Association, to recover from Schuchardt & Sons and C. Cavaroc & Son certain securities claimed by them to be held by way of pledge for certain advances made to that institution by Schuchardt & Sons. A decree was made by the Circuit Court dismissing the bill, and from that decree he appealed.

*Mr. J. D. Rouse* and *Mr. Charles Case* for the appellant.
*Mr. Conway Robinson, contra.*

MR. JUSTICE BRADLEY delivered the opinion of the court.
The case is similar to that of *Casey* v. *Cavaroc* (*supra*, p. 467). Schuchardt & Sons were bankers in New York, through whom the New Orleans National Banking Association was in the habit of drawing on foreign houses, and who indorsed and dis-

posed of the drafts, or transmitted them for collection, and made advances thereon. They were thus in the habit of indorsing and advancing on bills drawn by the bank on Seignouret Frères, of Bordeaux. In August and September they became uneasy, and required security; and it was agreed between them and the bank that they would receive and indorse drafts on Seignouret Frères, and accept the drafts of the bank on themselves to a certain limited amount, upon being secured by a pledge of commercial securities, to be deposited in the hands of Charles Cavaroc & Son. In pursuance of this arrangement, on the 17th of September, the bank transmitted to Schuchardt & Sons its drafts on Seignouret Frères to the amount of 250,000 francs, and, at the same time, drew on Schuchardt & Sons against said drafts for the sum of $50,000. On the same day, or the day following, securities of the bank to the amount of $60,000 were selected by the note clerk, by direction of Charles Cavaroc, president of the bank, put into an envelope indorsed with the name of Schuchardt & Sons, and handed to Cavaroc, who handed them to the cashier; and thereafter they were treated in precisely the same manner as the securities which were selected for the Credit Mobilier and the Park Bank, as shown in the cases which have just been decided. When due they were collected or renewed, and when wanted by the bank for other purposes they were taken and used, and other securities were substituted in their place. They continued to remain and figure on the books of the bank and in its statements as belonging to the mass of its bills discounted, no memorandum was made of the transaction, and no transfer was made of the bills until after the failure of the bank. As in the other cases referred to, they were never out of the possession of the officers of the bank, or out of the bank for a single moment, but were always subject to its disposal. As the only claim made by Schuchardt & Sons, in their answer, to the securities in question is by way of pledge, and as there was no such delivery and retention of possession by them, or their agents or trustees, as the law requires, to constitute the privilege of a pledge as to third persons, their claim cannot be sustained.

The decree of the Circuit Court must be reversed, and the

case remitted with directions to enter a decree for the complainant below in conformity with this opinion; and it is

*So ordered.*

MR. JUSTICE SWAYNE, MR. JUSTICE FIELD, and MR. JUSTICE HARLAN dissented.